UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LUGO,

      Plaintiff,

v.
                                      CASE NO.

GIMME SHELTER-14(D), LLC and
GIMME SHELTER-14(T), LLC,

      Defendants.
_____/

## COMPLAINT

Plaintiff, Daniel Lugo, by and through his undersigned counsel, hereby sues the Defendants, GIMME SHELTER-14(D), LLC and GIMME SHELTER-14(T), LLC, for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

### SUBJECT-MATTER JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

### PERSONAL JURISDICTION/VENUE

2. Defendants are subject to personal jurisdiction pursuant to Florida Statute §48.193(1)(a) for the cause of action at issue herein, which arises from Defendants operating, conducting, engaging in, or carrying on a business or business venture in

this state and having an office or agency in this state, and pursuant to §48.193(2), by Defendants being engaged in substantial and not isolated activity within this state. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to the claim at issue (Plaintiff visiting the website at issue in Boca Raton, Florida) occurred in this district.

**PARTIES**

3. Plaintiff, Daniel Lugo, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must always use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Defendants' online lodging reservation systems fail to comply with any of the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the substantive ADA violations contained on their online reservation systems. Plaintiff intends to visit the online reservation systems for Defendants' place of lodging in the near future, and within thirty (30) days, to book a place of lodging and utilize the goods,

services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation systems for compliance with 28 C.F.R. §36.302(e).

4. Defendants are the owners and/or operators of a distributed hotel, Coco Sands Cottages located at 1473 South Atlantic Avenue and 1381 South Orlando Avenue in Cocoa Beach, Florida ("the Cottages") and Coco Sands Villas located at 199 Tyler Avenue in Cape Canaveral, Florida ("the Villas"). Specifically, GIMME SHELTER-14(D), LLC is the owner and operator of Coco Sands Cottages and GIMME SHELTER-14(T), LLC is the owner and operator of Coco Sands Villas. The online reservation system for the Cottages is found at cocosands.com/cocoa-beach/ and the online reservation system for the Villas is found at cocosands.com/cape-canaveral/ and are collectively referred to herein as the "ORS".

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to

ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7. On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

8. The Cottages and Villas are places of public accommodation that own and/or lease and operate places of lodging pursuant to the ADA. On the Cottages' and Villas' ORS, potential patrons may reserve a place of lodging. The ORS is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendants are responsible for said compliance.

9. Most recently, during November, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the Cottages and at the Villas through the ORS but was unable to do so due to Defendants' failure to comply with the requirements set forth in paragraph 7.

10. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights,

---

provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

11. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Cottages and at the Villas through the ORS due to the substantive ADA violations contained thereon. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present on the ORS. Defendants contribute to Plaintiff's sense of isolation and segregation by the continued operation of the ORS with discriminatory conditions.

12. The ORS encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the ORS, he tried to make reservations for an accessible place of lodging at the Cottages and at the Villas, since he requires an accessible place of lodging due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendants have no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need

accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the ORS, he searched the sites for the identification and descriptions of accessible features at the Cottages and at the Villas and places of lodging offered through the ORS so that he could assess independently whether the Cottages and the Villas or a specific place of lodging at the Cottages and at the Villas met his accessibility needs in light of his disability but the ORS contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendants also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the ORS does not describe any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Websites cannot hold such unavailable accessible places of lodging in the ORS until all other units have been rented, block such unavailable accessible places of lodging from the systems once reserved, and guaranty that such unavailable accessible places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

13. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to correct the ADA violations to the ORS and maintain them and accompanying policies in a manner

that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

14. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

15. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendants to alter and maintain the ORS in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendants to alter and maintain the ORS in accordance with the requirements set forth in paragraph 7 above, and

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of the ORS. As rates and classes of the places of lodging at the Cottages and at the Villas and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Cottages and at the Villas, the ORS must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Lee D. Sarkin
DREW M. LEVITT
Florida Bar No: 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
LSarkin@aol.com
4700 N.W. Boca Raton Blvd, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff
